UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BILLY J. BABB,            )
                          )
    *Plaintiff*       )
                          )
v.                        )   No. 2:10-cv-49-DBH
                          )
MICHAEL J. ASTRUE,        )
Commissioner of Social Security, )
                          )
    *Defendant*       )

## REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge should have given controlling weight to the opinions of his treating neurologist, improperly failed to consider the opinions of his treating mental health counselor, and wrongly relied on the flawed opinions of a vocational expert. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from a seizure disorder, cervical degenerative disc disease, headaches, and a mood disorder, impairments that were severe but which, considered alone or in combination, did not meet or medically equal the criteria of an impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 15, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

P (the "Listings"), Findings 3-4, Record at 11-12; that he retained the residual functional capacity ("RFC") to perform medium work, except that he must avoid hazards and operating a motor vehicle, could tolerate only low stress work and could interact with co-workers and supervisors but only occasionally with the public, Finding 5, *id.* at 13; that he was unable to perform any past relevant work, Finding 6, *id.* at 17; that, given his age (31 years old on the alleged date of onset of disability, October 1, 2007), limited education, work experience, and RFC, and use of the rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, for example, assembler, mail clerk, and addresser, Findings 7-10, *id.* at 18-19 & 7; and that the plaintiff, therefore, was not under a disability as that term is defined in the Social Security Act from the alleged date of onset through the date of the decision, September 29, 2009, Finding 11, *id.* at 19-20. The Decision Review Board did not complete its review of the decision within the time allowed, *id.* at 1-3, making it the final decision of the commissioner. 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than

his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Dr. Fecko

The plaintiff asserts that the opinions of Jeffrey Fecko, M.D., a treating neurologist, who stated that the plaintiff's seizures had "re-emerg[ed]" between April and October 2008, and that, as of June 18, 2008, they were "not yet fully controlled" should have been given controlling weight by the administrative law judge. Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 15) at [2]-[3]. The immediate problem for the plaintiff here is that he does not indicate how this information would necessarily have resulted in a finding that he was disabled, that is, how a seizure disorder, "uncontrolled" to the unspecified degree apparently found by Dr. Fecko, would have made it impossible for him to work as an assembler, mail clerk, or addresser. That information is a necessary element of the plaintiff's burden of persuasion on this appeal. It is not readily apparent to a person who lacks medical training.[2]

Even if the plaintiff had provided this information, however, Dr. Fecko's opinions would not be entitled to controlling weight. To the extent that the plaintiff means to argue that Dr. Fecko found him to be completely disabled due to his "not yet fully controlled" seizure disorder,

---

[2] At oral argument, the plaintiff's attorney asked the court to take a "logical leap" and find that the frequency of minor seizures to which the plaintiff testified would interfere with his ability to work to such a degree that he must be found disabled under applicable regulations. This would be a medical leap as well as a logical one, and, as such, not appropriate in connection with this appeal. In addition, counsel asserted that the plaintiff testified that he always "blacked out" when he had a minor seizure and that when he "came to" he was always confused and did not know where he was. Counsel offered no citation to the record for this testimony, and I therefore cannot rely on it.

3

the record contains other medical evidence that is inconsistent with that conclusion, depriving it of controlling weight. A treating physician's opinion is given controlling weight only when it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

The medical records cited by the plaintiff in support of this argument, Itemized Statement at [3], are dated April 4, 2008 (Record at 368), October 27, 2008 (*id*. at 426), and June 18, 2009 (*id*. at 442). In this case, the inconsistent evidence includes the plaintiff's own testimony that he had minor seizures twice a month and did not have major seizures any more, *id*. at 52; the testifying medical expert's observation that since the time at which, according to his girlfriend, the plaintiff was having two to three minor seizures a week, his medication program may have reduced the frequency, *id*. at 56-57; and the assessment of the state-agency reviewing physician that major seizures were rare and minor seizures were nocturnal and were not uncontrollable, *id*. at 362.[3]

The administrative law judge relied on evidence from Dr. Fecko's own records that is inconsistent with the existence of a complete disability resulting from the plaintiff's seizure disorder. Record at 15-16. Thus, on March 6, 2009, Dr. Fecko recorded that the plaintiff had suffered no breakthrough seizures since January 2009 and that there were no problems with tolerance of his seizure medication. He found the plaintiff "stable at present with regard to his seizure disorder. He seems to have improved seizure control with a higher dose of Lamictal." Record at 447-48. Moreover, on June 18, 2009, the record cited by the plaintiff reports "3 minor

---

[3] Contrary to the plaintiff's argument, Itemized Statement at [3], Dr. Hall's assessment differs from the later opinions of Dr. Fecko only on the question of whether the plaintiff's minor seizures were "uncontrollable." At no time does Dr. Fecko indicate what, if any, work-related limitations would be caused by the indicated rate of minor seizures.

4

events earlier this month" that were "of typical character" and that Dr. Fecko, while continuing the "full dose of Lamictal," prescribed gabapentin as well. *Id*. at 442-44. The plaintiff was instructed to contact Dr. Fecko's office at once if his neurological symptoms worsened. *Id*. at 444. There is no evidence that he did so. This information from Dr. Fecko's own records supports the conclusion that the plaintiff's first challenge to the commissioner's decision is not well-founded.

### B.  Ms. Behnke

The plaintiff relies on the findings of his "treating counselor," Janet Behnke, LCSW, expressed in a letter to his attorney dated September 9, 2009, accompanied by a completed questionnaire. Itemized Statement at [3]-[5]. Of course, this material may not be used to support the existence of a mental impairment, as the counselor is not an acceptable medical source. 20 C.F.R. §§ 404.1513(a), 416.913(a). The plaintiff does not cite any medical evidence upon which a mental impairment could be based that would in turn permit the administrative law judge to consider Behnke's evidence of the existence of symptoms arising from that impairment that would affect the plaintiff's ability to perform specific work-related tasks, assuming that her six weeks' experience seeing the plaintiff every one to two weeks, Record at 436, could be found sufficient to support her findings.

Even if such acceptable medical evidence were identified, however, the plaintiff could not succeed on this claim. His submission ignores entirely the fact that the administrative law judge refused to consider Exhibit 14F, the material from Behnke, because it was not submitted to the Social Security Administration in a timely manner. *Id*. at 7-9. It is for this reason that the administrative law judge "failed to consider in any meaningful way the opinions of Plaintiff's treating counselor[,]" as the plaintiff characterizes it. Itemized Statement at [3].

5

The plaintiff filed the Behnke material on September 10, 2009, Record at 8, which the administrative law judge held was "not within the five day requirement of the regulation[.]" *Id*. at 8. He also noted that the questionnaire was not accompanied by any contemporaneous treatment notes from Behnke. *Id*. The hearing in this case was held on September 16, 2009. *Id*. at 7. The regulation to which the administrative law judge referred is 20 C.F.R. § 405.331, which provides that "[a]ny written evidence that you wish to be considered at the hearing must be submitted no later than five business days before the date of the scheduled hearing." 20 C.F.R. § 405.331(a).[4] The regulation also provides that a claimant who misses this deadline may ask the administrative law judge to consider such evidence, nonetheless, if he or she was misled by the agency, if he or she had an impairment or limitation that prevented earlier submission, or "[s]ome other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier." 20 C.F.R. § 405.331(b).

The plaintiff has made no effort even to suggest that one of these exceptions was applicable to his late submission. Accordingly, he has waived any challenge to that ruling by the administrative law judge and may not rely on the excluded evidence. *See, e.g., Rivera v. Astrue*, Civil No. 07-1912 (JBS), 2008 WL 3285850, at *16-*17 (D.N.J. Aug. 8, 2008).

### C. Vocational Expert

As his final argument, the plaintiff contends that the administrative law judge wrongly relied on "the illogical and unsupported opinions of the vocational expert." Itemized Statement at [5]-[7]. Specifically, the plaintiff asserts that "[i]t is illogical and fails the test of common sense to conclude that Plaintiff could perform [the jobs of assembler, mail clerk, and addresser] on a full-time, unrestricted, and SGA basis, without special accommodations, despite his continuing seizures and risk of seizures at work." *Id*. at [6].

---

[4] September 10, 2009, a Thursday, was four business days before September 16, 2009, a Wednesday.

The vocational expert identified these jobs in response to a hypothetical question from the administrative law judge that was phrased as follows:

> And would you assume the following hypothetical. A younger individual with . . . [l]imited education. At least able to communicate in English. With the past relevant work experience of this particular claimant. With no physical limitations, but must avoid haz[]ards and driving. Can tolerate low stress work. Can interact appropriately with supervisors and coworkers and occasionally with the public.
>
> * * *
>
> Can you cite a job that's at the medium, light and sedentary levels?

Record at 59-60. The plaintiff does not argue that this hypothetical question was erroneous,[5] or that the vocational expert's answer was not responsive or otherwise incorrect. Those are the available avenues to challenge a vocational expert's testimony. The plaintiff may not successfully attack a vocational expert's testimony on the basis of a factual scenario that he would prefer to the one found to exist by the administrative law judge, whether or not the plaintiff characterizes that scenario in terms of logic or common sense, or indeed in any other particular fashion.

The plaintiff also asserts that the vocational expert's opinion was not "reliable" because he did not bring to the hearing the records upon which he relied in reaching his conclusions, *id*. at 62-63, so that the attorney for the plaintiff could review the records and question him about their contents. Itemized Statement at [6]. He contends that this situation requires remand. *Id*. He cites three cases, all from the Seventh Circuit, in support of his position: *Britton v. Astrue*, 521 F.3d 799, 803 (7th Cir. 2008); *McKinnie v. Barnhart*, 368 F.3d 907 (7th Cir. 2004), and

---

[5] The plaintiff's possible attempt to make this argument is insufficient. A brief assertion that "it is noteworthy that the hypothetical [the administrative law judge] posed to the vocational expert did not include any of the acknowledged and well-established seizure history or risk of seizures. For that reason alone, [the administrative law judge's] hypothetical was incomplete and cannot be accepted[,]" Itemized Statement at [7], is not sufficient to escape a deemed waiver of that argument. What specific evidence required the administrative law judge to include the plaintiff's history of seizures or risk of seizures in the hypothetical question? Why was his discussion of the history and risk of seizures at pages 14-16 of the record insufficient to support the absence of such considerations from the hypothetical question? The plaintiff needs to present all of this information in his itemized statement; he has presented none of it.

*Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). None of these cases, so far as I can determine, has been cited with approval for this proposition by a court outside the Seventh Circuit.

Other courts have rejected this proposition. *See, e.g., Pritchett v. Astrue*, No. 5:09-CV-144 (CAR), 2009 WL 4730326, at *3-*4 (M.D.Ga. Dec. 4, 2009) (rejecting Seventh Circuit position and citing similar opinions in Ninth Circuit and Southern District of New York); *Masters v. Astrue*, Civil Action No. 07-123-JBC, 2008 WL 4082965, at *4 n.8 (E.D.Ky. Aug. 29, 2008) (finding *McKinnie* holding contrary to holdings of Sixth Circuit). I find the reasoning in *Pritchett* persuasive. It is enough that the vocational expert "used established and heretofore reliable methods and data and formed his professional opinions consistent with the methodology utilized by his contemporaries and other such professionals in relying upon sources, materials, and data that are not subject to further challenge until such time as either Congress or the Courts see fit to change them," 2009 WL 4730326 at *4. I reject counsel's attempt in this case to suggest that a vocational expert may only testify at a Social Security hearing about the availability and suitability of jobs in which he or she has actually placed applicants or about which he or she has conducted a recent labor market survey.

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for*

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 29th day of December, 2010.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
